IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SETH ALLYN HARMON                                                          PLAINTIFF

v.                                    Civil No. 6:24-CV-06109-SOH-MEF

OFFICER CAMERON YOUNGMAN,
OFFICER ZANE ROGERS,
SHERIFF SCOTT FINKBEINER
(Hot Spring County, Arkansas)                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I.    BACKGROUND

Plaintiff filed his Complaint on August 8, 2024.  (ECF No. 1).  That same day, the Court entered an Order directing him to submit a completed *in forma pauperis* ("IFP") application, which he did on August 19, 2024.  (ECF No. 5).  Plaintiff's IFP application was granted on September 6, 2024.  (ECF No. 6).

Plaintiff is currently incarcerated in the Hot Spring County Jail as a pretrial detainee.  (ECF No. 1 at 2).  For his first claim, Plaintiff alleges that he was involved in "a wreck" on April 20,

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

2024.  (*Id*. at 4).  He alleges he sustained injuries to his neck, back, hand, and leg.  (*Id*.).  He asked Defendants Youngman and Rogers for medical care, which they denied.  (*Id*.).  Instead, they transported him to jail.  (*Id*.).  He alleges he still has pain and numbness in unidentified areas.  (*Id*.).  Plaintiff proceeds against these Defendants in their individual and official capacities.  (*Id*. at 5).  To support his official capacity claim, Plaintiff states only that he was denied medical care for his injuries.  (*Id*.).

For his second claim, Plaintiff names Sheriff Finkbeiner as the sole Defendant.  (ECF No. 1 at 6).  He alleges Defendant Finkbeiner violated his rights under "Title 18 U.S.C. 241/242." (*Id*.).  Plaintiff alleges that on July 7, 2023, Defendant Finkbeiner and others came to 119 Gregory Hill Lane in Malvern, Arkansas to check for criminal activity without a warrant.  (*Id*.).  Plaintiff gave them notice that he was a "living man[,] All Rights Reserved," and "not a municipal citizen." (*Id*.).  He further informed Finkbeiner that he and the others were trespassing, among other warnings.  (*Id*.).  Plaintiff alleges they left and returned several minutes later to arrest him on a parole warrant.  (*Id*.).  Plaintiff alleges he was kidnapped and transported under duress.  (*Id*.).  His bond was then set at the unreasonable amount of $250,000.  (*Id*.).  Plaintiff alleges he does not stay where the arrest/kidnapping occurred and, therefore, these actions were a violation of "Title 18 U.S.C. 241/242."  Plaintiff proceeds against Defendant Finkbeiner in both his individual and official capacity.  (*Id*. at 7).  For his official capacity portion of this claim, Plaintiff repeats his allegations that Title 18 U.S.C. 241/242 was violated under color of law, and he further states "due process kidnapping no miranda warning no lawyer ransom set on kidnapping $250,000." (*Id*.).

Plaintiff seeks compensatory, punitive, and "other relief."  (ECF No. 1 at 9).  Plaintiff asks for "relief for all medical expenses[,] 1.5 million in lawful money [from] Finkbeiner[,] 1 million

in lawful money and all medical expenses [from] Cameron Youngman [and] Zane Rogers [and] criminal prosecution for criminal acts."  (*Id*.).

## II.    LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.     ANALYSIS

Plaintiff fails to state any plausible official capacity claims against Defendants Youngman and Rogers.  Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both.  In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. The Court explained:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available.  *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself.  *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991).  Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense.  *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman*, 152 F.3d at 914.

Here, Plaintiff fails to identify any policy or custom of Hot Spring County which violated his constitutional rights.  Instead, he merely repeats his individual capacity allegation that these Defendants denied him medical care on a single occasion.

Plaintiff's claim that Defendant Finkbeiner violated his rights under "Title 18 U.S.C. 241/242" is also subject to dismissal.  Title 18 details federal crimes and criminal procedure. "Plaintiff cannot bring criminal charges against any Defendant, as a private citizen has no right to institute criminal prosecution."  *Asbury v. Obama*, Case No. 3:17-CV-03103, 2018 WL 770185 at *2 (W.D. Ark. 2018) (citing *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *In re Kaminski*, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution

of another person); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989)).

## IV.    CONCLUSION

For the reasons stated above, it is recommended that Plaintiff's official capacity claims against Defendants Youngman and Rogers be DISMISSED WITHOUT PREJUDICE. His personal capacity claim against them for denial of medical care at the time of his arrest should remain for further review. His claim that Defendant Finkbeiner violated his rights under Title 18 should be DISMISSED WITH PREJUDICE and Defendant Finkbeiner should be terminated from this case as a party.

Referral Status: This case should remain referred for all matters not recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of October 2024.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE